527 F.2d 1373
 UNITED STATES of America, Plaintiff-Appellee,
v.
Allen Marion HOWELL, Keith Fair, Marvin Davis Harris,
Charles Wayman Patrick, Jerry Dan Harris, Aubrey
Joe Allen, Ambrey DeWitt Allen and Nancy
Ann Allen, Defendants-Appellants.
 No. 74--2427.
 United States Court of Appeals,
Fifth Circuit.
 Feb. 23, 1976.
 
 R. William Ide, III, Atlanta, Ga., Paul A. Howell (court-appointed), Atlanta, Ga., for Aubrey Joe Allen.
 J. Nathan Deal, Gainesville, Ga. (Court appointed), for Howell.
 Frank Strickland, Jr., Gainesville, Ga. (Court appointed), for Fair.
 Andrew J. Hill, Jr., Lavonia, Ga., for Marvin Davis Harris and Aubrey Joe Allen.
 Jack C. Bell, Gainesville, Ga. (Court appointed), for Patrick.
 James M. Walters, Gainesville, Ga. (Court appointed), for Jerry Dan Harris.
 Glyndon C. Pruitt, Buford, Ga., for Ambrey DeWitt Allen and Nancy Ann Allen.
 John W. Stokes, U.S. Atty., J. Robert Sparks, Trial Atty., Crim. Div., U.S. Dept. of Justice, Atlanta, Ga., for plaintiff-appellee.
 J. Robert Sparks, Trial Atty., Crim. Div., U.S. Dept. of Justice, Atlanta, Ga., for plaintiff-appellee.
 Appeal from the United States District Court for the Northern District of Georgia.
 ON PETITIONS FOR REHEARING
 Before BELL, THORNBERRY and GEE, Circuit Judges.
 PER CURIAM:
 
 
 1
 In a vigorous petition for rehearing, defendants Aubrey Joe Allen, Ambrey DeWitt Allen and Nancy Ann Allen attack our holding that the district court's instruction to counsel to refrain from discussing the 'juror-bribing' incident with defendants did not violate their constitutional rights to assistance of counsel. We adhere to our holding, emphasizing the peculiar features of this case and intimating no view on the proper rule in differing circumstances.
 
 
 2
 The juror advised the judge, in relating the incident, that he regarded the whole thing as probably a hoax perpetrated by some of his co-workers at his job and that he 'just laughed about it.' The judge determined, after conferring with him twice--giving him overnight to think about it--that he was not prejudiced by the incident and so advised counsel, offering them an opportunity themselves to interrogate the juror on the record. None asked to do so, and none objected in any way to the court's handling of the matter to that point. The court then advised counsel to say nothing about the incident to anyone, even their clients. No objection was made.
 
 
 3
 Precious as the constitutional rights asserted are, we cannot say that this slight limitation upon them in these circumstances was plain error. The judge's obvious concern about the juror's safety in the event that he was mistaken in concluding the offer to bribe was spurious and the defendants learned of its revelation by the juror was well-founded. Some of the defendants at least, as our opinion details, were dangerous men indeed, fully capable of retaliation upon the juror and possessed of the means to do so. The evidence of their guilt is crushing, overwhelming; and in the context of the trial the incident was trivial and harmless. 'We must guard against the magnification on appeal of instances which were of little importance in their setting.' Glasser v. United States, 315 U.S. 60, 83, 62 S.Ct. 457, 471, 86 L.Ed. 680 (1942).
 
 
 4
 The petitions for rehearing filed on behalf of Aubrey Joe Allen, Ambrey DeWitt Allen and Nancy Ann Allen are hereby denied.